1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

MG2 CORPORATION,
1101 Second Avenue, Ste. 100
Seattle, WA 98101, and

No.

11
12

BHARATH RAJ KUMANAN,
4050 156th Ave. N.E., Apt. 225
Redmond, WA 98052

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT**

13

Plaintiffs,

14

v.

**Administrative Procedure Act Case**

15
16

Kathy A. BARAN, in her Official Capacity, Director of the California Service Center, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security;

17
18
19

L. Francis CISSNA, in his Official Capacity, Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security;

20
21

Kirstjen NIELSEN, in her Official Capacity, Secretary, U.S. Department of Homeland Security;

22
23

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, 20 Massachusetts Ave. NW, Washington, D.C. 20529; and

24
25

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, 245 Murray Lane SW, Washington, D.C., 20528-0075.

26

Defendants.

27

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF - 1
4838-9278-5281v.7 0058967-000114

I.    **INTRODUCTION**

1.      Plaintiff Bharath Raj Kumanan is a highly valuable employee of Plaintiff MG2 Corporation (MG2) who is currently working on major IT projects that are critical to MG2's architectural business operations.  The government previously granted an H-1B visa for Mr. Kumanan to work at MG2, and he has become deeply entrenched in critical, ongoing projects for the company.  On November 15, 2018, the United States Citizenship and Immigration Services (USCIS) reversed course.  It denied MG2's petition for an H-1B visa to allow Mr. Kumanan to continue working for MG2 in a more complex and senior position than the one for which USCIS previously granted an H-1B.  That arbitrary, capricious, and erroneous decision is the basis for this lawsuit.

2.      This is an action brought pursuant to Section 10b of the Administrative Procedure Act, 5 U.S.C. § 702, *et. seq*., seeking to hold unlawful and set aside the November 15, 2018 decision of USCIS's Director of the California Service Center (CSC) denying the H-1B petition filed by MG2 on behalf of Mr. Bharath Raj Kumanan (WAC-18-079-51201).

3.      The H-1B petition was denied on the sole ground that the job offered to Mr. Kumanan did not qualify as an H-1B specialty occupation.  The denial was contrary to the prior decision by USCIS approving an H-1B petition filed by MG2 on behalf of Mr. Kumanan three years earlier (Case No. WAC-15-146-51898).  The denial is not supported by substantial evidence in the record, is contrary to established legal precedents, and is arbitrary, capricious and an abuse of discretion.

II.    **PLAINTIFFS**

4.      Plaintiff MG2 is one of the largest architectural firms in the United States with nearly 300 full-time employees and gross annual revenues of about $50 million.  MG2's head office is located in Seattle, Washington, and it has branch offices in Irvine, California, Washington, D.C., Minneapolis, Minnesota, and Shanghai, China.  More information about MG2 can be found on its website at www.MG2.com.

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF - 2
4838-9278-5281v.7 0058967-000114

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

5.      Plaintiff Bharath Raj KUMANAN is a native and citizen of India who has been lawfully employed by MG2 pursuant to an H-1B petition approved by USCIS for the period from October 1, 2015 to August 15, 2018.  Mr. Raj's wife, Durga Devi Bharath Raj, accompanied Mr. Kumanan to the United States in H-4 status, along with the couple's 8-year-old son, Sai Chithau Bharath Raj.

## III.      DEFENDANTS

7.      Defendant Kathy A. BARAN is the director of the California Service Center (CSC) and she signed the denial at issue in this case.  Defendant Baran is sued in her individual capacity.

8.      Defendant L. Francis CISSNA is the Director of USCIS and he is responsible for USCIS's policies, practices and procedures and overseas the USCIS officer responsible for making the decisions at issue in this case.  Defendant Cissna is sued in his official capacity.

9.      Defendant Kirstjen NIELSEN is the Secretary of the Department of Homeland Security (DHS), the federal agency encompassing USCIS which is responsible for administration and enforcement of the immigration and nationality laws of the United States.  Defendant Nielsen is sued in her individual capacity.

10.      Defendant U.S. Citizenship and Immigration Services (USCIS) is an agency of the Department of Homeland Security (DHS) and is responsible for overseeing the adjudication of immigration benefits.

11.      Defendant U.S. Department of Homeland Security (DHS) is a cabinet department of the U.S. federal government responsible for immigration-related services, enforcement, and investigations.  DHS oversees USCIS and its implementation of federal law and policy with respect to immigration benefit applications.

## IV.      JURISDICTION

12.      This Court has jurisdiction over this action pursuant to 8 U.S.C. § 1331 and 5 U.S.C. § 702, since this is a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, *et. seq.*, and the Administrative Procedure Act (APA), 5

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF - 3
4838-9278-5281v.7 0058967-000114

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

U.S.C. § 701, *et. seq*.  This Court also has authority to grant injunctive relief under 5 U.S.C. § 705.

13.    Plaintiffs are entitled to seek judicial review of denial of the visa petition without any further administrative appeal.  *See EG Enterprises, Inc. v. Dept. of Homeland Sec.*, 467 F. Supp. 2d 728, 733 (E.D. Mich. 2006) (USCIS concurred that plaintiff was not required to appeal H-1B denial to the Administrative Appeals Office (AAO) prior to seeking judicial review in federal court); *Young v. Reno*, 114 F.3d 879 (9th Cir. 1997).

## V.    STANDING

14.    MG2 has standing to bring this action as the petitioner of the H-1B petition that was erroneously denied by USCIS, and Mr. Kumanan has a legally protected interest as the beneficiary of that H-1B petition.

## VI.    VENUE

15.    Pursuant to 28 U.S.C. 1391(e) and 5 U.S.C. § 703, venue is proper in this district because this is a civil action in which the Defendants are employees or officers of the United States, acting in their official capacity, and an agency of the United States; Plaintiff MG2 has its head office in Seattle, Washington and conducts business in the Western District of Washington; Plaintiff Kumanan's work for MG2 is with MG2's head office in Seattle, Washington; a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Washington; and there is no real property involved in this action.

## VII.    BRIEF STATEMENT OF PERTINENT FACTS

16.    MG2 filed an initial H-1B petition on behalf of Mr. Kumanan for the position of Database Manager in April 2015.  The H-1B petition was approved by USCIS for the period October 1, 2015 to August 15, 2018 (WAC-15-146-51898).  Exhibit A at 77.[1]

---

[1] All Exhibits attached hereto were filed in connection with the petition denied by USCIS (WAC-18-079-51201) and therefore are part of the administrative record.

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF - 4
4838-9278-5281v.7 0058967-000114

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

17.     Mr. Kumanan began working with MG2 in the United States in H-1B status on October 10, 2015.  Mr. Kumanan's wife and child accompanied him in H-4 status.  Exhibit A at 16, 73-77, 81-88.

18.     Mr. Kumanan's job evolved and expanded.  In January 2018, MG2 filed an H-1B petition amendment to reflect the change in his job from Database Manager to the more senior and complex role of Database Solution Delivery Manager.  MG2's H-1B petition was accompanied by a Form ETA 9035 Labor Condition Application (LCA) certified by the U.S. Department of Labor (DOL) showing that the job was classified by DOL as a Computer Systems Analyst occupation, SOC (ONET/OES) Code 15.1121.  MG2 requested a 3-year extension of Mr. Kumanan's H-1B status until January 1, 2021.

19.     On April 27, 2018, USCIS issued a Request for Evidence ("RFE") requesting MG2 to provide additional information and documents to show how Mr. Kumanan's job met one of the four criteria for an H-1B specialty occupation.  The RFE also requested a copy of Mr. Kumanan's pay records from December 16, 2017 to January 22, 2018.  Exhibit B.

20.     MG2 responded to the RFE with all of the information and documents requested on July 16, 2018.  Exhibit C.

21.     USCIS, acting through Kathy A. Baran as Director of CSC, denied the petition on November 15, 2018 on the sole ground that the position offered to Mr. Kumanan did not qualify as a specialty occupation, notwithstanding the fact that USCIS had approved his prior job as an H-1B specialty occupation three years earlier.  Exhibit D.

22.     USCIS concurrently ordered that the extension of stay requested on behalf of Mr. Kumanan be denied, leaving Mr. Kumanan without lawful immigration status and without the ability to continue working for MG2 in the United States.  Exhibit E.  USCIS concurrently denied the I-539 application for extension of stay filed by Mr. Kumanan's wife, leaving her without lawful immigration status in the United States.  Exhibit F.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

## VIII.   LEGAL BACKGROUND

2        23.     An H-1B visa allows a foreign national to be admitted temporarily to the United

3 States to work in a "specialty occupation," which is defined as an occupation that requires

4 "theoretical and practical application of a body of highly specialized knowledge" and

5 "attainment of a bachelor's or higher degree in a specific specialty (or its equivalent) as a

6 minimum for entry into the occupation in the United States."  8 U.S.C. 1184 (i)(1).

7        24.     Pursuant to regulations implementing the INA, a position must be found to meet

8 one of the following four criteria to quality as an H-1B specialty occupation:

9                (1)     A baccalaureate or higher degree or its equivalent is
10                normally the minimum requirement for entry into the particular
                position;

11                (2)     The degree requirement is common to the industry in
                parallel positions among similar organizations or, in the
12                alternative, an employer may show that its particular position is so
                complex or unique that it can be performed only by an individual
13                with a degree;

14                (3)     The employer normally requires a degree or its
15                equivalent for the position; or

16                (4)     The nature of the specific duties are so specialized and
                complex that knowledge required to perform the duties is usually
17                associated with the attainment of a baccalaureate or higher
                degree.

18 8 C.F.R. § 214.2(h)(4)(iii)(A).

19        25.     Mr. Kumanan's initial position as Database Manager and his current position as

20 Database Solution Delivery Manager both meet one or more of the above criteria for an H-1B

21 specialty occupation.

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## IX.    COUNT ONE

## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

## 5 U.SC. 701, ET SEQ.

**Arbitrary, Capricious, and Incorrect Finding Regarding the Degree Normally Required for Mr. Kumanan's Position**

26.     Plaintiffs re-allege and incorporate herein by reference, as if fully set forth herein, the allegations in paragraphs 1–25 above.

27.     The Administrative Procedure Act (APA) requires this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

28.     USCIS's decision dated November 15, 2018 denying MG2's H-1B petition was arbitrary, capricious, an abuse of discretion, and not in accordance with law.  USCIS gave no explanation whatsoever about why, after having previously approved MG2's initial H-1B petition filed on behalf of Mr. Kumanan as a Database Manager in April 2015, it denied MG2's petition to amend and extend his H-1B petition for the more senior and complex position as a Database Solution Delivery Manager.  Exhibit C at 1-2, Exhibit D.

29.     USCIS acted arbitrarily and capriciously in finding that the current position offered to Mr. Kumanan did not meet the first of the four criterion specified above, namely that "a baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position."  USCIS based its finding on a misreading of the U.S. Department of Labor (DOL)'s *Occupational Outlook Handbook* (OOH).  In denying the H-1B petition, USCIS stated as follows:

> As discussed in the OOH, a bachelor's level of training in a specific specialty is not required for the Computer Systems Analyst occupation.  Many Computer System Analysts have liberal arts degrees and gained experience elsewhere.  As a result, the proffered position cannot be considered to have met this criterion.

Exhibit D at 4.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

30.     The above is not a fair reading of the relevant section of the OOH, which actually states that "most computer systems analysts have a bachelor's degree in a computer-related field."

HOW TO BECOME A COMPUTER SYSTEMS ANALYST

…

EDUCATION

Most computer systems analysts have a bachelor's degree in a computer-related field.  Because these analysts also are heavily involved in the business side of a company, it may be helpful to take business courses or major in management information systems.

Some employers prefer applicants who have a master's degree in business administration (MBA) with a concentration in information systems.  For more technically complex jobs, a master's degree in computer science may be more appropriate.

Although many computer systems analysts have technical degrees, such a degree is not always a requirement.  Many analysts have liberal arts degrees and have gained programming or technical experience elsewhere.

Many systems analysts continue to take classes throughout their careers so that they can learn about new and innovative technologies.  Technological advances come so rapidly in the computer science field that continual study is necessary to remain competitive.

Systems analysts must understand the business field they are working in.  For example, a hospital may want an analyst with a thorough understanding of health plans and programs such as Medicare and Medicaid, and an analyst working for a bank may need to understand finance.  Having knowledge of their industry helps systems analysts communicate with managers to determine the role of the information technology (IT) systems in an organization.

https://www.bls.gov/ooh/computer-and-information-technology/computer-systems-analysts.htm, tab-4 (emphasis added) (printed copy at Exhibit G).

31.     If "most" Computer Systems Analysts have a bachelor's degree in a computer-related field, it follows that such a degree is "normally" required for the position, thus meeting the first criterion for an H-1B specialty occupation.  *See Next Generation Tech, Inc. v. Johnson,*

No. 15-CV-566, 2017 U.S. Dist. Lexis 165531, at *30-31 (S.D.N.Y. Sept. 21, 2017).  In *Next Generation Tech*, the court held as follows:

> Even affording appropriate deference to the Government's interpretation of the statutory and regulatory requirements, this Court is at a loss to see a "rational connection" between the evidence indicating that "*most* computer programmers have a bachelor's degree" and USCIS's determination that "computer programmers *are not normally required to have* a bachelor's degree."

*Id*. at 20-21 (quoting *See Berrios v. Holder*, 502 F.Supp. App'x 100, 101 (2d Cir. 2012)) (emphasis in original) (printed copy at Exhibit H).

**Arbitrary and Capricious Findings Regarding Second, Third, and Fourth H1-B Criteria**

32.     MG2 is only required to show that the H-1B petition met <u>one</u> of the four criteria for an H-1B specialty occupation.  Having demonstrated that USCIS acted arbitrarily and capriciously in finding that the petition did not meet the first criterion, it is not necessary to show that USCIS acted arbitrarily or capriciously in finding that petition failed to meet the other three criteria.  Nevertheless, a review of the record shows that USCIS acted arbitrarily and capriciously in finding that the petition did not meet the second, third or fourth criterion for an H-1B specialty occupation.

33.     The second criterion for an H-1B specialty occupation has two alternative prongs:  first, that the degree requirement is common to the industry in parallel positions among similar organizations, and second, that the particular position is so complex or unique that it can be performed only by an individual with a degree.  In the RFE, USCIS requested additional evidence on this criterion, which it stated may include job postings showing a degree requirement is common to the industry in parallel positions among similar organizations, or letters from firms or individuals in the industry that attest that similar organizations routinely employ or recruit only degreed individuals in a specific specialty.  Exhibit B at 2-3.

34.     In response to the RFE, MG2 submitted copies of job postings for similar positions at other firms, including a job posting for an IT Data Architect at HNTB in Kansas City, which required a Bachelor's Degree in Computer Science, Information Systems, or other

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF - 9
4838-9278-5281v.7 0058967-000114

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    related field, and a job posting for an IT Service Lead at NBBJ, a leading architectural design

2    firm in Seattle, which required a bachelor's degree or equivalent education, training and

3    experience.  Exhibit C at 64-66, 75-76.

4        35.    MG2 also submitted a letter from Christine Hurt, CPA and CFO at Ayers Saint

5    Gross, Inc., an internationally recognized architecture and design firm.  Ms. Hurt has 30 years

6    of experience working with IT professionals on data design, management and extraction for

7    financial management, project management, and financial and project forecasting and planning.

8    When asked for her opinion regarding the minimum education requirement for the Database

9    Solution Delivery Manager position at MG2, she attested as follows:

> In my opinion, any qualifying candidate for a position of this
> nature would need a minimum of a bachelor's degree or
> equivalent in Computer Science, Engineering or related field, as
> well as technical training and experience in the field.

Exhibit C at 88.

13        36.    In its decision denying MG2's petition, USCIS disregarded the job postings

14    because they "appear to be from employers dissimilar to your organization."  Exhibit D at 4.

15    This is not the case with respect to the Seattle job posting by NBBJ, since NBBJ, like MG2, is a

16    major U.S. architectural design firm.  USCIS also disregarded the letter from the expert on the

17    grounds that the author did not provide evidence that MG2 has actually hired any workers for

18    the position in question or that it has required any degrees prior to hiring the workers.  Exhibit

19    D at 4.  However, it was not the purpose of the expert letter to attest to MG2's hiring practices,

20    but rather to attest to the fact that the degree requirement is common to the industry in parallel

21    positions among similar organizations, as required by the second criterion for H-1B specialty

22    occupation.  Exhibit B at 2-3.

23        37.    The second alternative prong of the second criterion for an H-1B specialty

24    occupation allows MG2 to show that its particular position is so complex or unique that it can

25    be performed only by an individual with a degree.  In the RFE, USCIS stated that MG2 had

26    described the duties of the proffered position in relatively generalized and abstract terms that

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF - 10
4838-9278-5281v.7 0058967-000114

1   did not adequately convey the substantive work that Mr. Kumanan would perform.  USCIS

2   therefore requested a detailed statement explaining Mr. Kumanan's duties and responsibilities,

3   the percentage of time devoted to each, and the educational requirements for the duties.

4   Exhibit B at 3.

5        38.     In response to the RFE, MG2 submitted an extremely detailed 5-page statement

6   of Mr. Kumanan's job duties, including the percentage of time devoted to each and the

7   educational requirements for the duties, as follows:

> **DETAILED STATEMENT OF DUTIES AND RESPONSIBILITIES**. As you requested, we are providing a more detailed statement of the beneficiary's job duties, including an estimate of the percentage of time devoted to each duty.
>
> ➢ **20% - Developing Tools to Automate Tasks and Gather Data for Analysis/Reporting.**  Bharath develops tools to automate tasks and to gather data for reporting and analysis. Some of the core tools he has created include the following:
>
> **MPLAN:** This tool enables the VP of Finance and the Finance Team to perform the MG2 budgeting and forecasting processes. This tool is custom-built for MG2 to enable planning for each studio.  It allows users to load data, compare actuals to budget, update the budget, and forecast financial results for the projects in question.
>
> • Please see the screen shots of this tool at **Tab 2**.
> • Bharath used SSIS (SQL server integration service) for data integration between InFocus (Accounting system) and the MG2DW (MG2 Data Warehouse).  He also uses Visual Studio 2012 for Office Add-In, Excel and VBA for the user interface, as well as SSRS for reports and MS SQL 2013 for the database.
> • Developing this tool involved the following deliverables:
>   o Visual studio add-in: 150 lines of .Net script.
>   o SSIS: Built 2 SSIS packages configured to run daily
>   o VBA: ~1500 rows of VBA scripting.
>   o MS SQL: ~2700 lines of SQL scripts including 60+ SQL objects.
>
> **MG2 Work Planner:** This tool is used by the all of the firm's architectural and design project teams to plan active architectural projects and to effectively manage the utilization of the team members.  Bharath designed and created the backend database tables and scripting using Microsoft SQL 2013. He also used Microsoft Excel and VBA macros for the

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF - 11
4838-9278-5281v.7 0058967-000114

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

front end UI and features.

- Please see the screen shots for this tool at Tab 3A.
- Developing this tool involved following deliverables:
  - VBA: ~2500 rows of VBA scripting.
  - MS SQL: ~1800 lines of SQL scripts including 35+ SQL objects.

**Baseline Planner:** This tool is used to forecast resources needed for new projects and to plan the resource allocations for the project.  Bharath designed and created the backend database tables and scripting using Microsoft SQL 2013. He also used Microsoft Excel and VBA macros for the front end UI and features.

- Please see the screen shots for this tool at **Tab 3B**.
- Developing this tool involved following deliverables:
  - VBA: ~2000 rows of VBA scripting.
  - MS SQL: ~1500 lines of SQL scripts including 45+ SQL objects.

**Bill Rate Planner:** This tool is used for analyzing and planning the client billable rates for employees based on the job cost, MG2 expected profit/loss, and standard multipliers. Bharath designed and created the backend database tables and scripting using Microsoft SQL 2013. He also used Microsoft Excel and VBA macros for the front end UI and features.

- Developing this tool involved following deliverables:
  - VBA: ~250 rows of VBA scripting
  - MS SQL: ~180 lines of SQL scripts including 35+ SQL objects

➢ **20% - Building and Planning MG2 Database Projects.**
Bharath plans new data projects to collect/integrate MG2 data from various applications such as accounting, HR, architectural projects, and other supporting applications.  He has worked on multiple database projects, including the following:

**MG2's Data Warehouse:**  Bharath is the single owner and is responsible for the end-to-end design, build and maintenance of the MG2 Data Warehouse. This work involves using MS SQL and designing and creating database objects. SSIS is used to sync data between various data sources. MG2 DW contains 1200+ DB objects. The data is sourced from various systems like Accounting, HR, and the company directory. Please see the screen shots for the MG2 Data Warehouse at **Tab 4**.

**Data Migration Projects for HR and Payroll Teams:**
Bharath was responsible for migrating the data from our old

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

HR system (Ceridian) to the new HR and payroll system (Paylocity). He had to extract data from the Ceridian SQL database and export it into a predefined template feed for Paylocity. He used SSIS packages to export the data from Ceridian into Paylocity feed files.  He has also performed multiple other data integration projects connecting various MG2 applications, such as the company directory, accounting, HR and printing software.

➢ **10% - Requirements Gathering.**  Bharath meets with firm executives, managers and architects to gather requirements for new tool requests and for changes requested in existing tools. Specific examples are as follows:

- Bharath meets with the VP of Finance and MG2 Controller to discuss database requirements relating to MG2 financial statements, income statements, revenue and expense details, and financial planning tools, analysis and reports. See **Tabs 2 and 5** for sample reports.
- Bharath meets with the Finance and Accounting Teams regarding changes and new requests on a regular basis, as follows:
  o Monthly for month end close reporting.
  o Quarterly for quarterly reporting and forecast tool setup and changes.
  o Annually for yearend reporting and setup of the following year's budgeting reports and tool.
- Bharath meets with the MG2 COO to discuss how to build and improve the MG2 Data Warehouse and related reporting to better manage projects within budget and for effective utilization of the project members.  He meets with the MG2 COO at least once every month to discuss database changes and new requests. See **Tab 4** for sample reports.
- Bharath works with the Marketing Director, HR Director and program managers to collect requirements related to dashboards and reports. Sample reports include the following:
  o Business Development dashboard and Pursuit status report for Marketing.
  o Open positions, PTO reporting, and employee salary details for HR and payroll team.
  o Utilization, project risk and issue reports, and bill-ate planner for the MG2 architectural project teams.

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF - 13
4838-9278-5281v.7 0058967-000114

➤ **10% - Building Reports.**  Bharath creates and maintains monthly and ad-hoc reports for the accounting and executive team. Please see the screen shots at <u>Tab 5</u> for examples of these financial reports, which include the following:

- Business Development Dashboard (SSRS): used by executives and principals to track and proactively pursue business opportunities.
- Project Dashboard (Smartsheet): used by project managers to track key project metrics and execute their projects effectively.
- Project Status Reports (MS Excel): reports key project KPIs allowing project managers to perform a quick review of each project's financial performance.
- Principals Dashboard (SSRS): used by principals to track key market metrics and enable better decision making.
- Employee Utilization Reports (MS Excel):
- Financial Statement (By market, by Studio) (MS Excel)
- Daily Assignments (MS Excel)
- Income Statement  (MS Excel)
- Expense Reporting (By market, marketing expense, corporate team expense) (MS Excel)
- IT Budget Tracker (Smartsheet)

➤ **5% - Project Planning.**  Bharath is involved in planning the build, testing and release timeline for all the MG2 tools he is responsible for.  Below is the list of projects he managed during the last 12 months:

- MPLAN: MG2 budgeting and forecasting tool.
- COP tracker; Cost Management team.
- MG2 Project close tracker tool and process.
- Enabling MG2 Project Management using Smartsheet.
- Project percentage complete tool and reports for accounting.
- Data migration from current in house Learning Management System (LMS) to online LMS – BRIDGE.

➤ **5% - Learning and Maintaining MG2 Tools and Applications.**  Bharath is involved in understanding the benefits and limitations of the various in-house and third party MG2 tools.  Based on this knowledge, he recommends best practices and integration solutions.  He understands and manages the backend data and the functionality of various UI features for the MG2 systems below:

- MG2DW : MG2 Data Warehouse
- InFocus : MG2 Finance and accounting tool

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF - 14
4838-9278-5281v.7 0058967-000114

- MNET : MG2 Intranet portal
- Paylocity : MG2 HR and Payroll system
- CHR : Invoice processing system
- PNR Portal : New project creation application
- ARGOS : MG2 reprographics application

➢ **5% - Security Best Practices.** Bharath ensures the security of MG2 data and the security of file transfers between MG2 and its vendors/clients.

- He implemented and manages the MG2 internal data access security in the MG2 intranet portal (MNET).
- He is in charge of MG2 data confidentiality for the reports and tools he manages, such as financial statements, employee details, and salary planner.

➢ **5% - Technology Recommendations.** Bharath is involved in identifying and understanding software and tools that could make architects, designers and other users more efficient with their jobs. He is responsible for identifying new project management tools and SharePoint solutions for MG2 knowledge management, including the following:

- MNET: this is the MG2 intranet portal that consolidates all MG2 key documents, announcements, knowledge artifacts and communication across the firm.
- Smartsheet: This online application helps MG2 with effective project management and collaboration between the team members.
- Project management tools, dashboards, reporting and analysis tools such as work planner, employee utilization report, principals dashboard, etc.

➢ **5% - Maintenance and Support.** Bharath monitors and manages upgrading security patches and updates required for the software applications he is in charge of, which includes:

- Microsoft SQL for MG2 database
- SSRS server and MS EXCEL for reporting tools
- SharePoint server for MNET (MG2 intranet portal)

His core database applications for this purpose include:

- Microsoft SQL for MG2 Data Warehouse
- SSRS server and MS Excel for reporting tools
- SharePoint server for MNET (MG2 intranet portal)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

➢ **5% - Database Administration.**  Bharath is responsible for various database management tasks, including the following:

- Implementing security updates (he performed a firm-wide database upgrade from SQL platform 2008 to 2012).
- Data backup and retrieval strategies (he configured daily and monthly SQL database backup jobs for MNET, Accounting database and Data Warehouse).
- Enforcing correct data policies and procedures to ensure integrity and security of MG2 data (he conducts annual use access audits).
- Managing and checking the overall database server health (he periodically conducts server health status by checking logs since the last check).
- Assessing and fine-tuning database performance (he performs annual data cleanup and audits SQL objects and index on SQL tables).

➢ **5% - Data Analysis.**  Bharath analyzes MG2 data to recommend improvements and investigates data gaps. Some examples include the following:

- Historic MG2 project-close process gaps.
- MG2 project details in the accounting system and data inconsistencies.
- Employee average salary by architect job title compared to market standard.

➢ **5% - Other Responsibilities.**

- Provides user training for newly proposed systems:
  - Multiple user trainings on MNET, PM tools and reports.
  - Smartsheet account onboarding trainings.
- Creates workflow and process documents for reference and consistency:
  - Project close workflow.
  - MG2 Chrome river invoicing workflow.
- Internal team knowledge sharing and training.
  - IT cross training to share knowledge of software tools.
- Communicating with Supervisors, Peers, or Subordinates.
  - Monthly project status reports and meetings with core stakeholders to update timeline and release plans for database and IT projects. See **Tab 6**.

**EDUCATIONAL REQUIREMENTS FOR THE JOB DUTIES**.  As mentioned above, we are one of the largest architectural firms in the nation and one of the top retail design

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF - 16
4838-9278-5281v.7 0058967-000114

firms in the world.  Given the complex and sophisticated nature of our business, and the complex and specialized nature of Bharath's duties as our Database Solution Delivery Manager, we require a bachelor's or higher degree in Computer Science, Engineering or related field for this position.  We also require prior experience in database management and financial reporting systems, as well as good knowledge of the following technologies to build and manage the database solutions for our firm:

- <u>Microsoft SQL 2008, 2012 and 2016</u>, which are used to build and manage the MG2 database and warehouse (e.g. *Accounting database (InFocus), MG2DW – MG2 Data Warehouse*).
- <u>SQL server reporting services</u>, which are used to build MG2 reports and dashboard (e.g. *Pursuit dashboard, Principals market health dashboard*).
- <u>Microsoft Excel</u>, which is used to build MG2 reports and analytical tools (e.g. *Financial statements, income statements, utilization reports*).
- <u>MS SharePoint</u>, which is used to build and manage MG2's intranet portal (e.g. *MNET*) and MG2's learning management system (e.g. *MG2U*).

Exhibit C at 2-7.

39.     In denying the petition, USCIS stated that "the submitted list of duties is generic in nature and provides no further detail as to the unique or complex nature of the proffered job."  This statement is contrary to the clear and overwhelming evidence in the record.  USCIS has disregarded pertinent evidence in the record, it has failed to articulate a rational connection between the record and its decision, and it has offered an explanation for its decision which runs counter to the evidence.  As such, USCIS's denial is arbitrary and capricious.  *Animal Legal Defense Fund*, 872 F.3d 602, 611 (D.C. Cir. 2017); *AT&T Inc. v. FCC*, 886 F.3d 1236, 1246 (D.C. Cir. 2018); *Stellar IT Solutions, Inc. v. USCIS*, Civ. No. 18-2015 (RC) (D.C.D.C. Slip Op. Nov. 19, 2018); *see* Exhibit D at 5.

40.     The third criterion for an H-1B specialty occupation is that the employer normally requires a degree or its equivalent for the position.  In the RFE, USCIS requested

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF - 17
4838-9278-5281v.7 0058967-000114

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

MG2 to submit additional evidence on this point, including documentary evidence of MG2's past employment practices for the position. Exhibit B at 4.

41.     In response to the RFE, MG2 submitted resumes of two other MG2 employees at a similar level in MG2's IT Department showing that they each had bachelor degrees and 17-19 years of experience in network engineering, systems administration, data management, and/or systems analysis. Exhibit C at 8, 49-59.

42.     MG2 also submitted a letter in response to the RFE stating unequivocally as follows:

> We are surprised that you are questioning whether the beneficiary's job qualifies as a specialty occupation.
>
> • As you know, the beneficiary was previously approved for H-1B status for the position of Database Administrator in 2015, and the current petition was filed to reflect a change in his job to a more senior and complex role as Database Solution Delivery Manager.
>
> • The beneficiary is paid a salary of $106,931.04 per year and he plays a critical role in designing, implementing, maintaining and improving our firm's data management and reporting processes and technology solutions, including financial reporting, project management, and related data management tools which are critical to the success of our business.
>
> • MG2 is one of the largest architectural firms in the nation and one of the top retail design firms in the world. We have been doing business for over 45 years, we have annual revenues of about $50 million, and we employ about 300 people in our offices in Seattle, Washington, Irvine, California, Washington D.C., Minneapolis, Minnesota, and Shanghai, China.
>
> • Please be assured that *we would never hire someone to perform the beneficiary's job without a bachelor's degree in Computer Science, Engineering or a related field and prior experience in database management and financial reporting systems*.

Exhibit C at 1-2

43.     In denying the petition, USCIS stated that "USCIS looks at your employment practices as well as information regarding employees who previously held the position." However, USCIS disregarded the evidence submitted by MG2 on this point, stating that "you

4838-9278-5281v.7 0058967-000114

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

did not provide probative evidence such as internal job descriptions of those workers or job postings to show that you 'normally' require a bachelor's or higher or its equivalent in a specific specialty for the proffered position." USCIS acted arbitrarily and capriciously by not considering the clear and unambiguous statements in MG2's letter in response to the RFE and the resumes of the other two individuals employed in a similar position as Mr. Kumanan. The findings by USCIS that MG2 has "not shown that you normally require a degree or its equivalent in a specific specialty for the position" is not supported by the evidence in the record and is arbitrary and capricious. Exhibit D at 5.

44. The fourth criterion for an H-1B specialty occupation is that the nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a bachelor's or higher degree. This criterion is similar to the second alternative prong of the second criterion discussed above. In the RFE, USCIS requested MG2 to submit additional explanation of this point, as well as documentary examples of work product created by current or prior employees in similar positions, such as reports, presentations, designs or blueprints. Exhibit B at 4.

45. In response to the RFE, MG2 submitted an extremely detailed statement of Mr. Kumanan's job duties which clearly explained the specialized and complex nature of his job. MG2 also submitted documentary examples of the financial reports, project management reports, and other data management tools designed, developed and maintained by Mr. Kumanan and his IT team. Exhibit C at 2-8, 29-41.

46. In spite of the overwhelming evidence submitted by MG2 in response to the RFE, USCIS erroneously stated in its denial that "the submitted list of duties is generic in nature and provides no further detail as to the unique or complex nature of the proffered position." USCIS ignored the detailed statement of job duties submitted by MG2, as well as the documentary examples of his work product. USCIS also erred in suggesting that the duties performed by Mr. Kumanan must be compared to those normally performed by other Database Solution Delivery Managers, and that it must be shown how Mr. Kumanan's duties are *more*

COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF - 19
4838-9278-5281v.7 0058967-000114

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

specialized and complex.  The fourth criterion for an H-1B specialty occupation does not require that the H-1B worker's duties be *more* specialized and complex than others in the field. Exhibit D at 5-6.

47.     USCIS acted arbitrarily and capriciously by failing to articulate a satisfactory explanation for the denial that rationally connected the facts to the decision on the above points. USCIS ignored substantial evidence in the record regarding the specialized and complex nature of Mr. Kumanan's job, and it incorrectly applied the fourth criterion for an H-1B specialty occupation.  *See Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto Ins. Co*., 463 U.S. 29.43 1983).  *See also Residential Finance Corp. v. USCIS*, 839 F. Supp. 2d 985, 996-97 (S.D. Ohio 2012).

48.     USCIS stated in its denial that the burden of proof to establish eligibility for the benefit rests with MG2, and that burden has not been met.  However, USCIS did not articulate what burden of proof applies in this case.  Exhibit D at 6.

49.     The burden of proof in an H-1B petition is preponderance of the evidence, which means "more likely than not to be the case."  *Matter of Chawathe*, 25 I&N Dec. 369, 375-76 (AAO 2010).  MG2 has met that burden in this case.  In denying the petition, it appears that USCIS may have applied a higher burden of proof, such as "clear and convincing" or "beyond a reasonable doubt."

## X.     COUNT TWO

### Injunctive Relief for Violation of Administrative Procedure Act

### 5 U.S.C. § 705

50.     Plaintiffs re-allege and incorporate herein by reference, as if fully set forth herein, the allegations in paragraphs 1–49 above.

51.     Pursuant to 5 U.S.C. § 705, this Court may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve the status or rights pending conclusion of the review proceedings.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

52.     The denial of MG2's H-1B petition will prevent MG2 from continuing to employ Mr. Kumanan in the United States on critical ongoing IT projects.

53.     Postponing the effectiveness of the denial will not cause any harm whatsoever to the Defendants.

## XI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

(1)     Assume jurisdiction over this matter;

(2)     Hold unlawful and set aside USCIS's decision denying the I-129 petition filed by MG2 on behalf of Mr. Kumanan;

(3)     Order Defendants to approve the I-129 petition filed by MG2 on behalf of Mr. Kumanan;

(4)     Grant reasonable attorney's fees and costs as provided under the Equal Access to Justice Act and the APA;

(5)     Grant Plaintiffs an injunction postponing the effectiveness of USCIS's decisions denying the I-129 filed by MG2 on behalf of Mr. Kumanan retroactively as of the date the decision was made; and

(6)     Grant such further relief as the Court deems just and proper.

DATED this 14th day of December, 2018.

DAVIS WRIGHT TREMAINE LLP
*/s/ Jeffrey B. Coopersmith*
Jeffrey B. Coopersmith, WSBA No. 30954
Michael Reiss, WSBA No. 10707
Richard M. Rawson, WSBA No. 11159
David Maas, WSBA No. 50694
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone:(206) 757-8020
Facsimile: (206) 757-7010
Email:     jeffreycoopersmith@dwt.com
           michaelreiss@dwt.com
           richardrawson@dwt.com
           davidmaas@dwt.com
*Attorneys for Plaintiffs MG2 Corporation and Bharath Raj Kumanan*

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax